[Civ. No. 15153.   First Dist., Div. One.   Sept. 2, 1952.]

Estate of EDITH MANISCHEWITZ, Deceased.   HOWARD CURTIS, Appellant, v. LOUISE REIDER, Respondent.

Philip S. Ehrlich, Albert A. Axelrod and Irving Rovens for Appellant.

Heller, Ehrman, White & McAuliffe, Freed, Gebauer & Freed and Scott Fleming for Respondent.

WOOD (Fred B.), J.—Howard Curtis, an heir and legatee, has appealed from (1) an order settling the account of Louise Reider, as executrix of the estate of Edith Manischewitz, deceased, under a California will dated September 3, 1948, and (2) an order admitting to probate a New York will of said deceased dated July 29, 1949, and appointing Louise Reider ancillary administratrix with the will annexed of the estate of the deceased. At the same time the trial court revoked the letters testamentary theretofore issued to Louise Reider upon probate of the California will. From that order no appeal has been taken.

The appeal from the order settling the account has been abandoned and will be dismissed. In his opening brief, appellant states that "the question involved on this portion of the appeal appears to be moot by reason of that portion of the order" appealed from which expressly reserved determination of the issue which appellant presented at the hearing of the account.

In support of his appeal from the order appointing Louise Reider ancillary administratrix, appellant's sole contention is that "the Probate Court erred in not adjudging the respondent incompetent to execute the duties of ancillary administratrix with the will annexed of the Estate of Edith Manischewitz, alias, deceased, by reason of her want of integrity, as demonstrated by her conduct while acting as Executrix of the last will and testament of Edith Manischewitz, alias, deceased." ▊ He invokes section 401 of the Probate Code which declares that "No person is competent to serve as an executor or executrix who is . . . adjudged by the court incompetent to execute the duties of the trust by reason of . . . want of . . . integrity," a provision which section 420 of the code makes applicable to an administrator or administratrix. Section 401 is a continuation without substantive change of the provisions of former section 1350 of the Code of Civil Procedure. As used in section 1350, the word integrity was defined as meaning "soundness of moral principle and character, as shown by a person's dealing with others, in the making and performance of contracts, in fidelity and honesty in the discharge of trusts. In short, it is used as a synonym for probity, honesty, and uprightness in business relations with others." (*In re Bauquier*, 88 Cal. 302, 307 [26 P. 178, 532].) In the Bauquier case, the court said "[w]e do not think . . . that the mere fact that the appellant claims property

as her own, which the other legatees insist belongs to the estate, would of itself, and without some reference to the honesty of her claim, show a want of integrity." (P. 307.)

The asserted "want of integrity" presented a question of fact which the trial court in our case decided adversely to appellant's contention. The sole issue upon this appeal is presented by the question aptly put by appellant in his closing brief: "does the record disclose undisputed facts which establish as a matter of law that respondent is incompetent to execute the duties of her trust by reason of her want of integrity?" Our examination of the record convinces us that this question must be answered in the negative.

The conduct of respondent which appellant claims establishes want of integrity may be briefly summarized:

Decedent executed a will on September 3, 1948, while in California and a resident of California. She died August 9, 1949, in the city of New York. August 28, 1949, respondent filed in San Francisco her petition for probate of the will of September 3, 1948, alleging that decedent was a resident of California at the time of her death. In that probate proceeding, Dr. Kurt Eissler (appearing specially to contest the jurisdiction) filed a notice to dismiss respondent's petition for asserted lack of jurisdiction, claiming that decedent died a resident of New York, made a later will, dated July 29, 1949, and that a proceeding for its probate was pending in the surrogate's court in New York. October 13, 1949, the California court denied Eissler's motion to dismiss and granted respondent's petition for probate of the California will, finding that decedent was a resident of California at the time of her death and that the will of September 3, 1948, was her last will. Respondent was appointed executrix of that will. Respondent's husband, Norman Reider (a beneficiary under the California but not under the New York will), filed in the New York court a contest of the New York will. Subsequently and on May 15, 1950, Eissler and Norman Reider entered into an agreement of compromise and settlement to which respondent was a party. By this agreement the parties stipulated that decedent died a resident of New York, Norman would withdraw his objections to the probate of the New York will, Eissler would assign to respondent his legacy (12.5 per cent of the residue) under the New York will, Eissler would act as executor in New York, respondent would present the New York will for an-

cillary probate in California and become ancillary administratrix with the will annexed, and respondent would designate which articles of personal property she desired to have distributed to her pursuant to a clause of the New York will which gave the executor absolute discretion to distribute decedent's personal belongings among "Louise Reider, Beatrice Grant and Judith Sunshine, and such other of the legatees" named in the will as the executor might determine. In September, 1950, respondent executed an agreement with Beatrice Grant and Judith Sunshine to the effect that respondent should receive not more than half, and Beatrice and Judith, together, not more than half of decedent's personal belongings.

By that settlement, it is true, respondent received more under the New York will than she would have received under that will without the settlement. This increase she received by agreement with the only New York legatees affected, Dr. Kurt Eissler, Beatrice Grant and Judith Sunshine. It also appears that under this settlement respondent and her husband received less than either of them would have received under the California will. She was to receive 26 per cent of the residue, and all furniture, furnishings, and all other personal effects under the California will. Under the settlement she will receive not exceeding one half of the personal belongings and 12.5 per cent of the residue, subject to an abatement in the amount of $30,000 in view of advancements made during decedent's lifetime, and Eissler's 12.5 per cent of the residue. The California will gave her husband 6 per cent of the residue. Under the settlement he receives nothing. Appellant makes no showing that any legatee under the California will was prejudicially affected by that settlement. As concerns his own interest, appellant says he is not attacking either the California or the New York will, that he does not care which will is probated. Nor does appellant undertake to show that in the proceedings in the New York surrogate's court for the probate and the contest of the probate of the New York will, and the settlement of that contest, there was any lack of notice to interested parties or any fraud of any kind practiced upon them or upon the court. His case, as stated by his counsel at the hearing in the trial court, rests solely upon the fact that while executrix of the California will she made a gainful contract recognizing the New York will: "All the testimony I need to justify my remarks is two facts: One, at the time this woman made that contract

she was executrix of this estate; two, that she gained a great deal from that contract. That is my case, as a matter of law, the deductions arising from those two facts; that is constructive fraud on the face of it.'' This is appellant's claim despite his stipulation that, when presenting the California will for probate in 1949, respondent believed to be true the testimony she then gave concerning decedent's California residence and related facts. That claim did not convince the trial court that respondent is lacking in integrity. Nor do those ''two facts'' persuade us that the trial court committed any abuse of discretion. Those two facts are quite consistent with a finding that respondent made a reasonable settlement of a will contest which might have proved very expensive in time and money, and thereby furthered the interests of the estate and of the other beneficiaries as well as her own. The law favors settlements. (*Silver* v. *Shemanski*, 89 Cal.App.2d 520, 550 [201 P.2d 418]; *Estate of Johanson*, 62 Cal.App.2d 41, 56 [144 P.2d 72].)

The order appointing respondent ancillary administratrix is affirmed. The appeal from the order settling the account is dismissed.

Peters, P. J., and Bray, J., concurred.

A petition for a rehearing was denied October 2, 1952, and appellant's petition for a hearing by the Supreme Court was denied October 30, 1952.